**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**VICTOR RENE ANGULO,**
    Plaintiff,

vs.                                                          Case No. 3:07cv66/LAC/MD

**SCOTT FISHER,**
    Defendant.

___

**REPORT AND RECOMMENDATION**

    This cause is before the court upon plaintiff's second amended complaint (doc. 7) filed pursuant to 28 U.S.C. § 1331 and *Bivens*.[1]  Leave to proceed *in forma pauperis* was granted (doc. 4) and the initial partial filing fee has been paid (doc. 9). Upon review of the second amended complaint, the court concludes that plaintiff has not presented an actionable claim, and that dismissal of this case is warranted.

    Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915 "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

*Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Sys., Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiff's second amended complaint, the court concludes that it does not present an actionable claim.

      Plaintiff is a federal inmate currently confined at the Federal Prison Camp in Pensacola, Florida ("FPC-Pensacola"). His second amended complaint names two defendants: Scott Fisher, Warden of FPC-Pensacola, and the Federal Bureau of Prisons ("BOP"). Plaintiff alleges that he can neither read, write, nor speak the English language proficiently. He claims the defendants violated his First Amendment right of access to the courts when they failed to provide him with either Spanish language legal research materials or "an alternative method in order that I may enjoy meaningful access to the Courts." As a result of defendants' conduct, plaintiff alleges that he was not able to submit "meaningful" post-conviction pleadings to attack his conviction and sentence. Specifically, he states he was forced to allow other inmates to prepare and submit pleadings on his behalf, "but those pleadings were frivolous" in that his motion to vacate filed pursuant to 28 U.S.C. § 2255 was "found to be meritless on its face." (Doc. 7, p. 8A). As relief, plaintiff seeks an order "enjoin[ing] the defendants from denying meaningful access to the Courts" and allowing him to "submit a claim in post conviction relief to the District Court for the Southern District of Florida" in his underlying criminal case (doc. 7, p. 9).

      As plaintiff was advised in this court's previous order directing him to amend (doc. 6), "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498,

52 L.Ed.2d 72 (1977).  The Supreme Court, however, has clarified that prisoners' contentions of deprivations of access to courts must show actual injury as a "constitutional prerequisite."  *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996).  In other words, it is insufficient to merely allege a denial of meaningful access to the courts.  *Id.*, 116 S.Ct. at 2181 and n.4.  To establish standing, the plaintiff must specifically show how he was actually harmed or prejudiced with respect to specific litigation in which he was involved.  *Id.*, 116 S.Ct. at 2180; *see also Bass v. Singletary,* 143 F.3d 1442, 1445 (11th Cir. 1998); *Chandler v. Baird*, 926 F.2d 1057, 1062-63 (11th Cir. 1991).  The type of prejudice that is deficient in the constitutional sense is that which hinders the inmate's ability to actually proceed with his claim; there is no constitutional mandate "to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court."  *Id.* at 354, 97 S.Ct. at 2181.  Prejudice occurs, for example, when an inmate is hindered to the point that he is unable to file an action or fails to discover and hence fulfill a technical requirement in the case.  *Id.* at 351, 97 S.Ct. at 2180.

Furthermore, the plaintiff must "show actual injury in the pursuit of <u>specific types of nonfrivolous cases</u>."  *Wilson v. Blankenship,* 163 F.3d 1284, 1290 (11th Cir. 1998) (citing *Lewis*); *see also Bass v. Singletary*, 143 F.3d 1442, 1445-46 (11th Cir. 1998).[2]  He must present evidence of injury "such as a denial or dismissal" and show that presentation of his case was impeded because of defendant's actions.  *Wilson*, 163 F.3d at 1290-91.  So long as plaintiff was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts.  *Id.* at 1291.  Furthermore, plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable merit.  *Lewis*, 581 U.S. at 353 n.3, 116 S.Ct. at 2181 n.3; *Wilson, supra*.

---

[2]The "specific types" of cases referred to in *Wilson* relate to the requirement in *Lewis* that the inmate be prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate basic constitutional rights."  116 S.Ct. at 2181-82 (quotation omitted).  Plaintiff's case meets this part of the requirement.

*Case No: 3:07cv66/LAC/MD*

In the instant case plaintiff contends that the post-conviction pleadings prepared by the inmate law clerks assisting him were "frivolous" because his § 2255 motion was denied on the merits without an evidentiary hearing. This is insufficient to establish the requisite injury. Plaintiff alleges in merely conclusory terms that the claims were frivolous, without identifying any of the claims. Further, the fact that relief on his claims was denied does not mean they were frivolous.

In a further attempt to meet the injury requirement, plaintiff alleges the following:

> I wanted to pursue the claim that I was not required to be registered to possess controlled [sic] substances while possessing those substances in the normal conducting of my import-export transportation business, (see e.g., 21 U.S.C. § 822(c)(2) & 21 U.S.C. § 957(b)(1)(A)(B)). Nonetheless, I was unable to discover this claim because I was denied meaningful access to the Courts by the Defendants here. The claim is one of actual/factual innocence and the claim was forfeited simply because I was unable to conduct the required research myself to discover the merits of it.
>
> . . . .
>
> The claim that the Plaintiff was not required to have a registration to possess controlled substances was not included either at trial as a defense or in the post conviction Section 2255 clearly because (1) Defense Counsel was ineffective per se at trial, and (2) the Plaintiff was unable to adequately research the claim because of the language barrier which amounted to the denial of meaningful access to the Courts, with the resultant prejudice that the meritorious claim was forfeited. The Plaintiff should not be REQUIRED to rely on other inmates to present his post conviction claims, rather he is guaranteed by our constitution to enjoy meaningful access to the Court and if "HE" forfeits a claim, then "HE" is responsible for that."

(Doc. 7, pp. 8A-8B). However, the fact that plaintiff is presently at the same institution at which he was confined when he prepared and filed his § 2255 motion, and that he has discovered this claim even without the assistance of Spanish legal materials, belies his claim that his case was impeded because of defendants' failure to provide such materials. Furthermore, the fact that plaintiff was not personally able to conduct legal research does not per se violate his right to access the courts. The Supreme Court has held that an inmate's right to "meaningful access" to the

courts requires prison officials to provide <u>either</u> adequate law libraries <u>or</u> adequate assistance from persons trained in the law, but not necessarily both and not necessarily the one preferred by the inmate. *See Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977); *Hooks v. Wainwright*, 775 F.2d 1433, 1435-36 (11th Cir. 1985), *reh'g denied*, 781 F.2d 1550 (11th Cir. 1986), *cert. denied*, 479 U.S. 913, 107 S. Ct. 313, 93 L. Ed. 2d 287 (1986).

In summary, the allegations of plaintiff's complaint establish that he was provided legal assistance sufficient for him to file a § 2255 motion attacking his conviction. The motion was considered on the merits and denied. The fact that the motion was unsuccessful, or that plaintiff later discovered another claim which he believed to be meritorious, does not suggest that he was denied meaningful access to the courts. Based on the foregoing, the court concludes that plaintiff's allegations, as presented, fail to state a claim under 28 U.S.C. § 1331 and *Bivens*.

Accordingly, it is respectfully RECOMMENDED:

That this cause be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) and that the clerk directed to close the file.

At Pensacola, Florida this 17th day of April, 2007.

/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:07cv66/LAC/MD*